JOHN C. BEIERS, COUNTY COUNSEL (SBN 144282)
By: Daniel J. Valim, Deputy (SBN 233061)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4750
Facsimile:  (650) 363-4034
E-mail:  dvalim@smcgov.org

Attorneys for Defendant
COUNTY OF SAN MATEO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY NIEVES,<br><br>       Plaintiff,<br><br>    vs.<br><br>COUNTY OF SAN MATEO,<br><br>       Defendant. | Case No. CV 14-05160 VC<br><br>**STIPULATED REQUEST FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AND** ~~PROPOSED~~ **ORDER THEREON**<br><br>**[LOCAL RULE 7-12]** |

Pursuant to Local Rule 7-12, Defendant County of San Mateo ("Defendant") and Plaintiff, Nancy Nieves, ("Plaintiff") hereby submit the following Stipulated Request for Approval of Settlement Agreement and Dismissal of Action with Prejudice.

1.    As a general proposition, employees may settle or compromise FLSA back wage claims in one of two ways. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). First, pursuant to FLSA Section 216(c), the Department of Labor may approve such a settlement. See *id*. at 1353. Second, if the employee files a private civil action under the FLSA, a district court may enter a stipulated judgment "after scrutinizing the settlement for fairness." *Id*.   In doing so, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims.  *Id*. at 1355.

2.    The parties, each of whom has been represented by counsel throughout this Action, *Nieves v. County of San Mateo Case No. CV 14-05160 JCS* ("Action"), wish to avoid the uncertainty, expense and delay of litigation.

3.     The parties seek court approval of the Settlement Agreement (attached as Exhibit 1) ("Settlement Agreement") reached in this private civil Action filed by a single individual pursuant to the FLSA. The settlement is a reasonable compromise of Plaintiff's claims and the Court may approve the settlement to promote the policy of encouraging settlement of litigation. See *Lynn's Food Stores*, 679 F.2d at 1354(11th Cir. 1982).

4.     Plaintiff was employed as a social worker for the County's Human Services Agency, Child and Family Services Division.  For over three years she worked a weekend on-call shift from Friday evening to Monday morning.   Plaintiff was scheduled to work in the office for 8 hours and spend 54 hours on call each weekend.  For this mixed schedule of office hours and on-call hours, Plaintiff was paid for the equivalent of 40 hours per week at the regular social worker pay rate.  Plaintiff's Complaint asserted she was a misclassified non-exempt employee who, while on-call, received enough calls to convert her entire amount of on-call time to hours worked.  Plaintiff's Complaint asserted this resulted in an underpayment of 24 hours of overtime each week, except in those weeks in which she took leave such as vacation or sick leave.  In the alternative, Plaintiff contends the the amount of calls she received while in an on-call status caused her to actually work beyond 40 hours per week without receiving overtime pay.

5.     The parties are in dispute as to whether or not Plaintiff was exempt from the FLSA as a learned professional, executive, and/or a highly compensated employee.  The parties are also in dispute as to whether or not the conditions of her on-call time were sufficiently restrictive that all of her on-call hours should count towards overtime under the FLSA.    The parties are also in dispute as to whether or not Plaintiff actually worked in excess of 40 hours per week for each individual week over the period for which she seeks relief.  The parties are also in dispute as to the amount of the regular rate of pay at issue. The parties are also in dispute as to whether or not any violation of the FLSA, if one occurred, was willful or in good faith and thus the parties are in dispute over the application of liquidated damages and/or the application of a third year for purposes of the statute of limitations.  The parties agree there is a bona fide dispute as to each of these issues.

6.     Given these bona fide disputes, the parties believe the settlement figures agreed to in Section 1(a) and (b) of the attached Settlement Agreement are a fair and reasonable resolution.  The

**STIPULATED REQUEST FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF ACTION WITH PREJUDICE**

settlement figures were reached after the parties engaged in internal analysis, informal discovery and settlement discussions.  Although disputed by Defendant, Plaintiff estimated her potential back pay and liquidated damages recovery could have been roughly $300,000 if successful on all counts.  Based on the discovery efforts, the negotiations between counsel and the bona fide disputes regarding liability and damages, the parties agree the settlement figures reached are a fair and reasonable resolution.

7.      If successful, Plaintiff also may have been entitled to reasonable attorneys' fees and costs, which, had this matter proceeded to trial, Plaintiff's counsel estimates the fees could have exceeded $300,000.  The parties have also settled the claim for attorneys' fees and costs for the figure agreed to in Section 1(c) of the attached Settlement Agreement.  However, the Court is only required to approve the settlement of the unpaid wages in a single plaintiff action under the FLSA.  See *Lynn's Food Stores*, 679 F.2d at 1353 (11th Cir. 1982).

8.      The parties present the Court with this Stipulated Request for Approval of Settlement Agreement and Dismissal of Action with Prejudice in order to obtain the entry of a stipulated judgment approving the settlement and dismissing the matter with prejudice.  By entering into this stipulation and requesting Court approval, the parties do not seek any findings or determination regarding the Defendant's alleged violation of the FLSA.  The parties have expressly agreed in the Settlement Agreement that this is a "no fault" settlement and that nothing contained in the Settlement Agreement is an admission of liability or wrongdoing by any party.

9.      Plaintiff has acknowledged that she read and understood the Settlement Agreement and that she agreed to its terms and signed the Settlement Agreement voluntarily and without coercion. Plaintiff further acknowledged that the release and waiver Plaintiff made in the Settlement Agreement was knowing, conscious and with full appreciation that Plaintiff is forever foreclosed from pursuing any of the rights or claims so released or waived.

10.     The parties ask that the Court reserve jurisdiction with respect to this matter for the sole purpose of enforcing, if necessary, any dispute regarding the Settlement Agreement.  The parties make this request in the interest of judicial efficiency.  Rather than filing a request for Court approval of the settlement, then making payment of the settlement amount, and then filing another request for dismissal of the Action, the parties seek approval and dismissal at the same time.  The parties do not anticipate

there will be any issues with regards to payment of the settlement amount and, if this Stipulated Request for Approval of Settlement Agreement and Dismissal of Action with Prejudice is granted, it will almost certainly be the last the Court hears from the parties on this matter.

      11.    The parties jointly request the Court approve the terms and conditions of the Settlement Agreement and enter the Stipulation and Order:

      IT IS THEREFORE STIPULATED, by and between the parties, through their respective counsel, that:

1. The Settlement Agreement, which is incorporated herein by reference, is a fair and reasonable resolution of the bona fide disputes in this matter and the Court should therefore approve the Settlement Agreement;

2. The Court should reserve jurisdiction solely for any disputes regarding the enforcement of the Settlement Agreement;

3. The Court should not make any findings or determination regarding the Defendant's alleged violation of the FLSA; and

4. Upon the Court's approval of the Settlement Agreement, the court should enter the stipulated judgment and dismiss this Action with prejudice.

Dated: May 8, 2015.

JOHN C. BEIERS, COUNTY COUNSEL

By:_____/s/_____
    Daniel J. Valim, Deputy
    Attorneys for Defendant
    COUNTY OF SAN MATEO

Dated: May 8, 2015.

JASON M. ELRICH,
MCCORMACK & ELRICH, LLP

By:_____/s/_____
    Jason M. Elrich, Esq.
    Attorneys for Plaintiff
    ERNEST BENDAR

# ~~PROPOSED~~ ORDER

The Court has reviewed the Settlement Agreement and the Stipulated Request for Approval of Settlement Agreement and Dismissal of Action with Prejudice.  Based upon a review of the record, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Settlement Agreement, which is incorporated herein by reference, is a fair and reasonable resolution of the bona fide disputes in this matter and the Court approves of the Settlement Agreement and the terms and conditions therein;

2. The Court reserves jurisdiction of this Action, if necessary, solely for any disputes regarding the enforcement of the Settlement Agreement;

3. The Court has made no findings or determination regarding the Defendant's alleged violation of the FLSA; and

4. The stipulated judgment is entered and the Action is hereby dismissed with prejudice.

Dated: __May 14, 2015_____.

_____
VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

**STIPULATED REQUEST FOR APPROVAL OF SETTLEMENT AGREEMENT AND
DISMISSAL OF ACTION WITH PREJUDICE**